HARNSBERGER'S, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7053.    Promulgated June 9, 1927.

Petitioner's purchases, gross sales, and expenses for 1919 and 1920 determined.

*Frank F. Nesbit, Esq.,* for the petitioner.
*T. N. Mather, Esq.,* for the respondent.

This proceeding comes before the Board as a result of deficiencies in income and profits tax determined by the Commissioner for 1918, 1919, and 1920 in the respective amounts of $2,798.22, $9,464.14, and $9,485.85.

### FINDINGS OF FACT.

Petitioner is a Virginia corporation with its principal place of business in Danville, where it is engaged in conducting a department store.

During the taxable years petitioner recorded its sales, expenses, purchases, and inventories in certain records maintained by it, though it did not have a double entry system of bookkeeping, nor did it maintain a cash book or keep ledger accounts. Sales of merchandise were made on a cash basis, and all sales were recorded by listing the sales tickets, made out at the time in daily sales books. Total sales as shown by these books for each day were transferred to a summary sales record book which showed sales by days for each of the years in question.

Some of the daily sales books for the years involved were rendered valueless as the result of a fire originating in an adjoining building though the summary sales record book for all years and some of the daily sales records were saved and were submitted in evidence in this proceeding.

Expenses were paid by check and by cash out of cash received from sales, a record of the former being available on check stubs and of the latter from notations on the daily sales books, which were likewise available for 1920, wherein the expense item is in dispute.

Summary purchase record books, memorandum book of purchases and check stubs were furnished as to purchases and payments on account of purchases during the years in question.

Sales as shown by petitioner's books were accepted by the Commissioner for 1918 and 1920. For 1919 the Commissioner determined gross sales by adding to the total of bank deposits, amounts which were paid out in cash prior to the making of such deposits, and deducting therefrom other amounts denominated borrowed money. By this method, sales for 1919 were increased $11,976.47.

Amounts deposited by petitioner in bank consisted not only of proceeds from the sales of merchandise, but also of money borrowed and loans repaid and tobacco warehouse checks cashed by the petitioner for the convenience of its customers, money for which purpose was sometimes withdrawn from the bank.

Expenses as shown by petitioner's books were substantially accepted by the Commissioner for 1918 and 1919, but increased by him over that shown on the books for 1920 in the amount of $6,731.50.

The amount of purchases for 1919 and 1920 was increased by the Commissioner in the respective amounts of $14,449.49 and $3,640.50. There is no material difference between the parties as to purchases for 1918 and they are likewise in agreement as to inventories for all years. For 1919 petitioner's total gross sales were $296,670.55 and its total purchases were $253,802. For 1920 petitioner's total purchases were $312,090.70 and its total expenses deductible from gross income were $65,655.90.

OPINION.

LITTLETON: The questions involved in this case are entirely questions of fact, the errors assigned being, in effect, that the Commissioner improperly disregarded petitioner's books of account and determined income on an arbitrary basis. While the records maintained by the petitioner are very crude in their nature and can not be said to represent either a single or double entry system of bookkeeping, we are convinced from the books and other evidence submitted to the Board that the information contained therein furnishes an accurate basis for deciding the questions presented.

The items in dispute are the amount of total purchases and gross sales for 1919 and total purchases and expenses for 1920, petitioner having conceded the correctness of the result of the Commissioner's determination for the year 1918. The evidence submitted by peti-

tioner in support of its contentions is rather voluminous and in great detail, and we deem it unnecessary to enter into a minute discussion of it here. Suffice it to say that petitioner's books and records and the oral testimony of several witnesses who were thoroughly familiar with the business, and who kept the books and knew their contents, fully support petitioner's claims, and the figures which we have found to represent the total purchases and gross sales for 1919 and the total purchases and deductible expenses for 1920. The revenue agent, whose report was followed by the Commissioner, could have determined these items from the books and records but apparently he was unwilling to undertake the task.

Redetermination of the deficiencies will be made in accordance with the foregoing.

*Judgment will be entered on 10 days' notice, under Rule 50.*